IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHARVELT MISTER                                                                               PETITIONER
ADC #120997

v.                                          4:20-cv-00522-BRW-JJV

STATE OF ARKANSAS and
WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                              RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

      The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent should be named as the state officer who has custody of the petitioner. Therefore, Dexter Payne, Director of the Arkansas Division of Correction, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute him as the respondent. *See* Ark. Code Ann. § 12-27-101(a)(1) (establishing the Division of Correction to "assume the custody, control, and management of the state penitentiary" and "provide for the custody, treatment, rehabilitation, and restoration of adult offenders").

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. INTRODUCTION**

Petitioner Sharvelt Mister, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) He claims he was detained without probable cause, which deprived the trial court of subject-matter jurisdiction and renders his convictions void. (*Id*. at 16-31.) He appears to challenge his convictions in three related cases, all arising in the Circuit Court of Sebastian County, Arkansas: (1) CR-2010-1319, in which he was convicted of one count of delivery of cocaine and sentenced to forty years' imprisonment on August 15, 2011; (2) CR-2010-1320, in which he was convicted of one count of delivery of cocaine and sentenced to twenty-five years' imprisonment

on August 18, 2011; and (3) the revocation of his suspended sentences in several prior cases, for which he was sentenced to a total of fifty-seven years' imprisonment on April 26, 2011. (*Id*. at 63, 67, 71.)

I have conducted a preliminary review of Mr. Mister's Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed as time-barred.

## II.   ANALYSIS

Mr. Mister's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for a petition for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Mister appealed each conviction to the Arkansas Court of Appeals, and all were affirmed. *See Mister v. State*, 2013 Ark. App. 49 (CR-2010-1320); *Mister v. State*, 2012 Ark. App. 536 (CR-2010-1319); *Mister v. State*, 2012 Ark. App. 375 (revocation matter). The judgments became final on February 18, 2013, October 15, 2012, and June 18, 2012, respectively – the deadlines for filing petitions for rehearing or review of the decisions of the Arkansas Court of Appeals. *See* Ark. Sup. Ct. R. 2-3(a) (a petition for rehearing shall be filed within eighteen calendar days from the date of decision); Ark. Sup. Ct. R. 2-4(a) (a petition for review must be filed within eighteen calendar days from the date of decision); Ark. R. App. P. – Crim. 17 (when a filing deadline under the Rules of the Supreme Court and Court of Appeals falls on a Saturday, Sunday, or legal holiday, the deadline shall be extended to the next business day).

From my review of state court records, any statutory tolling under § 2244(d)(2) would be insufficient to make the Petition timely. Mr. Mister filed petitions for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in CR-2010-1320 and in the revocation matter. In CR-2010-1320, the petition was filed on April 19, 2013, and the Arkansas Supreme Court affirmed the trial court's denial on October 30, 2014; thus, it was pending for approximately eighteen months. *See Mister v. State*, 2014 Ark. 446. In the revocation matter, the petition was filed on August 16, 2012, and the Arkansas Supreme Court affirmed the trial court's denial on October 30, 2014; thus, it was pending for slightly more than two years. *See Mister v. State*, 2014 Ark. 445, 446 S.W.3d 624; *Mister v. State*, CR-13-294, http://caseinfo.arcourts.gov. Mr. Mister also filed a state habeas petition on July 17, 2018. *See Mister v. State*, 40CV-18-108,

4

http://caseinfo.arcourts.gov.  The Arkansas Supreme Court affirmed the lower court's denial of this petition on June 6, 2019, so it was pending for less than one year.  *See Mister v. State*, 2019 Ark. 187, 575 S.W.3d 410.  Taking these excluded periods together, Mr. Mister's Petition, filed on May 18, 2020, is still too late to challenge judgments that became final in 2012 and 2013.

Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Mr. Mister has not made either showing.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Because it plainly appears that Mr. Mister's Petition is untimely, dismissal is appropriate.  If Mr. Mister has information to show he is entitled to either statutory or equitable tolling, he should so state in his objections to this recommendation.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  No such showing has been made here, and no certificate of appealability should issue.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2.  No certificate of appealability be issued.

DATED this 28th day of May 2020.

                                                           _____
                                                           JOE J. VOLPE
                                                           UNITED STATES MAGISTRATE JUDGE